UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PING KUNG,

           Plaintiff,

    v.

UNITED STATES OF AMERICA, et al.,

           Defendants.

NO. C05-1850JLR

ORDER

        This matter comes before the court on the Government's motion to dismiss (Dkt. # 5). Plaintiff Ping Kung originally sued the United States Postal Service and Jerry Jodock, the Customer Service Supervisor at the Postal Service branch in the Wallingford neighborhood of Seattle. Mr. Kung filed his suit as a small claim in Seattle Municipal Court, seeking $205.58 for damage that his postal carrier allegedly caused to a garden wall at a home that Mr. Kung owns. The Government removed the case to this court. It then substituted the United States as a Defendant in place of Mr. Jodock, pursuant to 28 U.S.C. § 2679(d)(1). It now moves to dismiss the action.

        The court notes that Mr. Kung has not opposed the motion to dismiss, and has not filed any pleading in this action since the Government removed it to this court. The court also notes that Mr. Kung is proceeding in this matter without an attorney. It is unfortunate if Mr. Kung has chosen not to participate in this case because the Government removed it from the

ORDER- 1

Municipal Court to this court. The court cannot provide as streamlined a forum as a municipal small claims court, but it can most certainly provide a forum for a small claim.

Unfortunately for Mr. Kung, it is no simple matter to sue an agency of the United States, especially when the Government insists on taking advantage of every procedural roadblock. In this action, the roadblock is 28 U.S.C. § 2675(a). Because Mr. Kung has brought a tort action against a United States agency,[1] the action is subject to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. Section 2675(a) prohibits a plaintiff from bringing suit until he has "presented the claim to the appropriate Federal agency" and the agency either denies the claim or allows six months to pass without action. The court lacks subject matter jurisdiction over any action that does not comply with § 2675(a), as the statute's requirements are conditions precedent to the Government's waiver of sovereign immunity. Meridian Int'l Logistics, Inc. v. United States, 939 F.2d 740, 743 (9th Cir. 1991).

The Government contends that Mr. Kung has "filed no administrative claim with the Postal Service." Gov't Mot. at 4. The record, however, reveals that Mr. Kung submitted a request for reimbursement to the Postal Service (at its Wallingford branch) on July 13, 2005. The Government provides evidence from Steven Arstad, the tort claims coordinator for the Seattle District of the Postal Service, that he has no record of the claim. The court notes that the fact that Mr. Arstad never *received* a claim does not mean that Mr. Jodock never *filed* one. Indeed, the record shows that Mr. Kung did file a claim. Perhaps the Wallingford Postal Service branch did not transmit it to Mr. Arstad. Perhaps it was lost in the mail.

Nonetheless, Mr. Kung filed his lawsuit in October 2005, less than six months after he filed a notice of claim with the Postal Service, and before the Postal Service denied the claim.

---

[1] The United States Postal Service is not technically a United States agency. See 39 U.S.C. § 201. It is treated like an agency, however, for purposes of most tort claims. 39 U.S.C. § 409(c).

ORDER- 2

1  The court must assess subject matter jurisdiction as of the day that the plaintiff files a lawsuit.
2  Lujan v. Defenders of Wildlife, 504 U.S. 555, 569 n.4 (1992).  Because Mr. Kung filed his
3  lawsuit before the Postal Service had denied his claim, paid his claim, or ignored it for more
4  than six months, the court is without jurisdiction over this action.
5       For the reasons stated above, the court GRANTS the Government's motion to dismiss
6  (Dkt. # 5).  The clerk shall enter judgment for the United States in accordance with this order.
7  The court emphasizes to Mr. Kung that this order does not prevent him from continuing to
8  pursue his tort claim.  If he chooses to renew his claim, he should be mindful of the
9  procedural requirements the court noted above, as well as any others that apply to his
10 claim.  See, e.g., 28 C.F.R. § 14.2.
11      Dated this 15th day of March, 2006.

JAMES L. ROBART
United States District Judge

26 ORDER- 3